# Exhibit A

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081CV02921-B

Anna Echavaria , PLAINTIFF(S),

v.

Uline, Inc. , DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Uline, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, 200 Trade Center Woburn, MA 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Drohan, Hitt & Hadas, 50 Federal St. Boston, MA 02110.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20 ___ .

*[signature]*

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ 12 | 21 ___ , 2020 , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____ 12 | 21 ___ , 2020         Signature: *[signature]*

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| |
|---|
| 12 | 21      , 2020 |

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                           SUPERIOR COURT
                                                                         C.A. No. _____

---

ANNA ECHAVARIA,

        Plaintiff,

v.

ULINE, INC.,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Anna Echavaria brings this action against her former employer, Uline, Inc., which forced her to submit to a random drug test and then summarily terminated her when she tested positive for marijuana. Echavaria only used marijuana on her own time and in compliance with Massachusetts law. There has never been any suggestion that she was "high" or impaired in any way while on the job. In this action, Echavaria seeks damages as a result of her employer's unreasonable interference with her right of privacy in violation of G.L. c. 214, § 1B, and for intentional or negligent infliction of emotional distress.

### THE PARTIES

1. Plaintiff Anna Echavaria ("Echavaria") is an individual who, at all relevant times, resided in Watertown, Massachusetts. Echavaria currently resides in Whiting, New Jersey.

2. Defendant Uline, Inc. ("Uline") is a Wisconsin corporation, with its principal place of business located at 12575 Uline Drive in Pleasant Prairie, Wisconsin.

## FACTS

3. Uline is a distributor of shipping, industrial and packaging materials to businesses throughout North America.

4. In 2011, Uline hired Echavaria as a Sales Administrative Assistant in its New York City office.

5. In 2014, Echavaria was promoted to the position of Inside Sales Representative.

6. In 2015, Echavaria was promoted to the position of Account Manager/Outside Sales Representative.

7. As an Account Manager/Outside Sales Representative, Echavaria was responsible for business development and maintenance of customer relationships. Her work activities included making sales calls and on-site visits to customers and potential customers.

8. Echavaria's work activities posed no danger to herself, her colleagues or clients.

9. During her employment with Uline, Echavaria received numerous awards and commendations.

10. In 2012, she received recognition as a "Top Performer - Office Administration."

11. In 2013, she received recognition as an "Office Support Employee of the Year."

12. In 2018, she received recognition as a "Top Performer – Sales."

13. In 2019, she received the company's highest award, the "Presidents Cup Award," which recognized her as the top sales representative for the New York City office.

14. Throughout her employment with Uline, Echavaria received positive job performance reviews.

15. In her most recent job performance review, Echavaria received an overall rating of "Exceeds Expectations" and was described as "a tremendous all-around employee."

2

16. In January, 2019, Uline asked Echavaria to relocate to Massachusetts to be the first Uline Account Manager in Boston, covering the Greater Boston sales territory.

17. Although she had no connection to Massachusetts, Echavaria agreed to Uline's request that she relocate.

18. On February 4, 2019, Echavaria commenced her new position in Boston.

19. In late September, 2020, Echavaria travelled to New York City to attend a sales meeting.

20. At a dinner with work colleagues on the night of September 28, 2020, Uline's New York Sales Director Seth Prather told Echavaria that she must submit to a random drug test the following morning.

21. On the morning of September 29, 2020, Echavaria's manager, Austin Schwager, escorted her to LabCorp, a clinical laboratory with a location in New York City.

22. At the LabCorp facility, Schwager waited in the waiting room while an employee escorted Echavaria to a bathroom where she was required to give a urine sample.

23. On October 2, 2020, Echavaria received a phone call from a Uline human resources employee who told her that she tested positive for marijuana and, as a result, was terminated effective immediately.

24. Marijuana use has been legal under Massachusetts law since 2016. *See* St. 2016, c. 334 ("The Regulation and Taxation of Marijuana Act").

25. Echavaria has never used marijuana during her work hours at Uline.

26. Echavaria's use of marijuana has never adversely affected her work performance or workplace safety.

27. Uline has never accused Echavaria of being "high" or impaired in any way while

3

at work.

28. Following Uline's termination of her employment, and in the midst of the COVID-19 pandemic, Echavaria has been unable to secure substitute employment in her field.

## COUNT I
### (Violation of Massachusetts Privacy Act, G.L. c. 214, § 1B)

29. Echavaria re-alleges and incorporates by reference each and every paragraph above.

30. At all times, Echavaria possessed a well-recognized right to privacy in matters related to bodily integrity and information related thereto.

31. Uline's actions described herein constituted an unreasonable, substantial and serious interference with Echavaria's statutory right of privacy enshrined in G.L. c. 214, § 1B.

32. As a direct and proximate result of those actions, Echavaria has suffered and continues to suffer harm.

## COUNT II
### (Intentional Infliction of Emotional Distress)

33. Echavaria re-alleges and incorporates by reference each and every paragraph above.

34. Through its actions described herein, Uline intended to inflict emotional distress upon Echavaria, or knew or should have known that emotional distress would be the likely result of its actions.

35. Uline's actions described herein were extreme and outrageous, beyond the bounds of decency, and intolerable in a civilized community.

36. Uline's actions described herein caused Echavaria to suffer emotional distress, embarrassment and humiliation, the nature of which no reasonable person could be expected to

endure.

37. As a direct and proximate result of those actions, Echavaria has suffered and continues to suffer harm.

WHEREFORE, Plaintiff Anna Echavaria respectfully requests that this Court:

1. Enter judgment in her favor on all counts of this Complaint;

2. Require Defendant Uline, Inc. to pay her damages in an amount to be determined at trial, together with all costs, interest and reasonable attorney's fees; and

3. grant such other relief as this Court deems just and proper.

**ANNA ECHAVARIA DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

ANNA ECHAVARIA

By Her Counsel,

_/s/ David Hadas_

David Hadas, BBO No. 641294
Drohan, Hitt & Hadas LLC
50 Federal Street, Suite 208
Boston, MA 02110
Phone:  617.377.4367
Fax:    888.279.1640
Email:  dhadas@drohanhitt.com

**November 23, 2020**

5

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX, ss.                                                          SUPERIOR COURT
                                                                        C.A. No. _____

ANNA ECHAVARIA,

        Plaintiff,

v.

ULINE, INC.,

        Defendant.

## PLAINTIFF ANNA ECHAVARIA'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

In accordance with Mass. R. Civ. P. 4(c), plaintiff Anna Echavaria requests that this Court approve the special appointment of Christopher Chigas or his designee as process server in the above-captioned action. The person to be appointed special process server is experienced in the service of process, is 18 years of age or older and is not a party to this action.

                Respectfully submitted,

                ANNA ECHAVARIA

                By Her Counsel,

                /s/ David Hadas
                David Hadas, BBO No. 641294
                Drohan, Hitt & Hadas LLC
                50 Federal Street, Suite 208
                Boston, MA 02110
                Phone:  617.377.4367
                Fax:     888.279.1640
                Email:  dhadas@drohanhitt.com

**November 23, 2020**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Anna Echavaria | | COUNTY |
|---|---|---|---|
| ADDRESS: | Whiting, New Jersey | | Middlesex |
| | | DEFENDANT(S): | Uline, Inc. |
| | | | 12575 Uline Drive |
| ATTORNEY: | David Hadas | | Pleasant Prairie, WI 53158 |
| ADDRESS: | Drohan Hitt & Hadas LLC | ADDRESS: | |
| | 50 Federal Street | | |
| | Boston, MA 02110 | | |
| BBO: | 641294 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Privacy Act / Emotional Distress | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES   ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................................................................................... $_____
   2. Total doctor expenses ..................................................................................................................... $_____
   3. Total chiropractic expenses ............................................................................................................ $_____
   4. Total physical therapy expenses .................................................................................................... $_____
   5. Total other expenses (describe below) ......................................................................................... $_____
   Subtotal (A): $_____

B. Documented lost wages and compensation to date ......................................................................... $_____
C. Documented property damages to date ............................................................................................ $_____
D. Reasonably anticipated future medical and hospital expenses ........................................................ $_____
E. Reasonably anticipated lost wages .................................................................................................... $_____
F. Other documented items of damages (describe below) ................................................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Violation of Massachusetts Privacy Act, Termination of Employment. Emotional Distress

TOTAL (A-F):$TBD

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X _____     Date: 11.23.20

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 11.23.20

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2081CV02921 /3 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Echavaria, Anna vs. Uline, Inc. | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: David Hadas, Esq.<br>Drohan, Hitt & Hadas, LLC<br>50 Federal St<br>Suite 208<br>Boston, MA 02110 | | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/02/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 04/01/2021 | |
| All motions under MRCP 12, 19, and 20 | 04/01/2021 | 05/03/2021 | 06/01/2021 |
| All motions under MRCP 15 | 04/01/2021 | 05/03/2021 | 06/01/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 09/28/2021 | | |
| All motions under MRCP 56 | 10/28/2021 | 11/29/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/28/2022 |
| Case shall be resolved and judgment shall issue by | | | 12/02/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 12/03/2020 | Debra J Newman | (781)939-2748 |

Date/Time Printed: 12-03-2020 11:03:14                                                    SCV026\ 08/2018

4

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, SS. | SUPERIOR COURT<br>C.A. NO. <u>2081CV02921</u> |

| | |
|---|---|
| ANNA ECHAVARIA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ULINE, INC.,<br><br>　　　　　　Defendant. | 1/8/2021<br><br>**RECEIVED** |

### ASSENTED-TO MOTION TO EXTEND TIME FOR DEFENDANT TO ANSWER COMPLAINT

Defendant ULINE, Inc. ("Defendant") respectfully moves this Court to extend its deadline to answer Plaintiff Anna Echavaria's ("Plaintiff") Complaint up to and including February 1, 2021. In support of this Motion, Defendant states as follows:

1.　　On December 2, 2020, Plaintiff filed her Complaint with the Court.

2.　　On December 21, 2020, Defendant received service of process.

3.　　Accordingly, pursuant to Mass. R. Civ. P. 12(a)(2), Defendant's responsive pleading is due on January 11, 2021.

4.　　Counsel for Defendant was recently retained, and Defendant requires additional time to answer or otherwise respond to the Complaint.

5.　　Counsel for the parties have conferred and have agreed on February 1, 2021 as a deadline for Defendants to answer or otherwise respond to the Complaint.

6.	This is the first extension sought in connection with Defendant's response to Plaintiff's Complaint.

7.	Plaintiff, through her undersigned counsel, has assented to this Motion, and no parties will be prejudiced as a result of this extension.

WHEREFORE, Defendant requests that the Court grant this Motion and extend the deadline by which Defendant must file its answer up to and including February 1, 2021.

Respectfully submitted,

**ULINE, Inc.**

By its attorneys,

      /s/ Katharine O. Beattie      
Katharine O. Beattie, BBO #666064
Morgan McDonald, BBO #705638
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199-7610
Tel. (617) 226-3136
Fax (617) 342-4001
kbeattie@foley.com
mmcdonald@foley.com

Dated: January 8, 2021

3

## **CERTIFICATE OF SERVICE**

I, Katharine O. Beattie, hereby certify that on January 8, 2021, I caused a true and correct copy of the foregoing document to be served on the following counsel of record via email and first-class mail:

>David Hadas
>DROHAN, HITT & HADAS, LLC
>50 Federal Street, Suite 208
>Boston, MA 02110

>>/s/ Katharine O. Beattie
>>Katharine O. Beattie

4

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                         SUPERIOR COURT
                                                       C.A. NO. 2081CV02921

| | |
|---|---|
| ANNA ECHAVARIA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ULINE, INC.,<br><br>　　　　　　Defendant. | 1/8/2021<br><br><br>RECEIVED |

## ASSENTED-TO MOTION TO EXTEND TIME FOR DEFENDANT TO ANSWER COMPLAINT

Defendant ULINE, Inc. ("Defendant") respectfully moves this Court to extend its deadline to answer Plaintiff Anna Echavaria's ("Plaintiff") Complaint up to and including February 1, 2021. In support of this Motion, Defendant states as follows:

1. On December 2, 2020, Plaintiff filed her Complaint with the Court.

2. On December 21, 2020, Defendant received service of process.

3. Accordingly, pursuant to Mass. R. Civ. P. 12(a)(2), Defendant's responsive pleading is due on January 11, 2021.

4. Counsel for Defendant was recently retained, and Defendant requires additional time to answer or otherwise respond to the Complaint.

5. Counsel for the parties have conferred and have agreed on February 1, 2021 as a deadline for Defendants to answer or otherwise respond to the Complaint.

1/12/21 Allowed to February 1, 2021.

WILKINS, J

4835-1153-2758.1