### United States District Court
### District of Massachusetts

```
                              )
Anna Echavaria,               )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )      Civil Action No.
Uline, Inc.                   )      21-10103-NMG
                              )
          Defendant.          )
                              )
                              )
                              )
```

#### MEMORANDUM & ORDER

**GORTON, J.**

This action arises out of the positive drug test of plaintiff Anna Echavaria ("Echavaria" or "plaintiff") and the subsequent termination of her employment by defendant Uline, Inc. ("Uline" or "defendant"). In December, 2020, plaintiff filed a complaint against Uline in Massachusetts Superior Court, alleging that defendant had impermissibly required her to submit to a random urine drug test, thereby invading her privacy and intentionally inflicting upon her emotional distress. In January, 2021, defendant timely removed the action to this Court on diversity jurisdiction grounds.

Pending before the Court is defendant's motion to dismiss the complaint for failure to state a claim. For the reasons that follow, that motion will be allowed in its entirety.

I.   **Background**

Plaintiff is a New Jersey resident and defendant is a Delaware corporation with its principal place of business in Wisconsin.  In 2011, Uline hired plaintiff to work as a Sales Administrative Assistant in defendant's New York City office. She was subsequently promoted several times and received numerous awards and commendations, including the "Presidents Cup Award" which recognized her as the top sales representative in the New York office.

In February, 2019, at Uline's request, Echavaria relocated to Massachusetts to serve as the first Account Manager in Boston.  In that role, plaintiff was required to travel to the New York City office to attend department meetings.

In September, 2020, Echavaria attended one such meeting. Uline's New York Sales Director informed her that she was required to submit to a random drug test.  The following morning, she was escorted to a clinical laboratory in New York City where she was required to give a urine sample.  That laboratory analyzed the sample and later reported to Uline that it had tested positive for marijuana.  Immediately thereafter, plaintiff's employment with Uline was terminated.

Plaintiff contends that she had never used marijuana during work hours and that her use of the drug, which is legal in Massachusetts, during her personal time had never adversely

- 2 -

affected her work performance.  Accordingly, she brings this action against her former employer, asserting that Uline's decision to subject her to a random drug test 1) invaded her "right to privacy in matters related to bodily integrity and information related thereto", in violation of the Massachusetts Privacy Act, M.G.L. c. 214, § 1B (Count I) and 2) constitutes intentional infliction of emotional distress (Count II). Defendant has moved to dismiss both counts.

**II.   Motion to Dismiss**

As an initial matter, plaintiff does not oppose Uline's motion to dismiss Count II (Intentional Infliction of Emotional Distress).  Thus, that Count will be dismissed.

With respect to Count I, defendant contends that it also must be dismissed based on choice of law principles.  It asserts that the relevant events occurred in New York State and that plaintiff's privacy claim should, therefore, be governed by New York law which offers no protection against the injury alleged in the complaint.

Plaintiff concedes that New York law offers no such protection but, nonetheless, responds that Massachusetts law should govern her privacy claim because

> the most significant aspect of Echavaria's injury – the
> termination of her employment – took place in
> Massachusetts.

Plaintiff adds that Massachusetts has the more significant relationship to the dispute in that it is where plaintiff was resident, employed and subsequently terminated during the relevant time period.

Defendant rejoins that the alleged invasion of privacy was the drug test itself and not the ensuing termination of plaintiff's employment.  That event, defendant emphasizes, took place in New York, "at the direction of a New York-based supervisor, and while Plaintiff was [there] for work."

**A. Legal Standard**

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st

Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

**B. Application**

**1. Choice of Law**

The parties disagree as to whether the substantive law of Massachusetts or New York governs this diversity action.  When a federal court sits in diversity, it must apply the choice of law principles of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Under Massachusetts choice of law rules, tort claims are governed by the law of the state in which the injury occurred, unless another state has a more significant relationship to the underlying cause of action. Bergin v. Dartmouth Pharm., Inc., 326 F. Supp. 2d 179, 183 (D. Mass. 2004 (citations omitted).  To determine the place where the injury occurred, courts look to

> the place where the last event necessary to make an actor liable for an alleged tort takes place.

Dunfey v. Roger Williams Univ., 824 F. Supp. 18, 21 (D. Mass. 1993 (internal quotation omitted).

Because the choice of law analysis focuses on the location of the injury, this Court is persuaded that New York law applies to plaintiff's privacy claim.  Indeed, New York is where plaintiff was subjected to a random drug test and required to provide a urine sample.  New York is also where that sample was analyzed and, thus, apparently where plaintiff's privacy was violated. See Webster v. Motorola, Inc., 637 N.E.2d 203, 207 (Mass. 1994) (explaining that the relevant privacy interest in employment drug test cases is 1) the act of urination, 2) "the information detected through urine testing" and 3) any "information concerning an employee's medical condition". (citing Folmsbee v. Tech Tool Grinding & Supply, Inc., 630 N.E.2d 586, 589 (Mass. 1994)).

Plaintiff's contention that "the most significant aspect" of her injury took place in Massachusetts, namely, the termination of her employment, is unavailing.  Although her termination may have been a consequence of the information obtained from the drug test, that employment action was not itself the last event necessary to make Uline liable for invading plaintiff's privacy. See French v. U.S. Parcel Serv., Inc., 2 F. Supp. 2d 128, at 132 (D. Mass. 1998) ("The employment actions [defendant] took against [plaintiff] . . . were not themselves an invasion of his privacy within the scope of the

statutory cause of action."). Rather, all of the allegedly invasive conduct took place in New York State.

In any event, neither party is currently domiciled in Massachusetts and the focal point of plaintiff's 10-year employment relationship with Uline presumably was New York. See Crowe v. Harvey Klinger, Inc., No. 16-cv-12033, 2018 WL 6819329, at *7 (D. Mass. Dec. 27, 2018) ("Although [plaintiff] physically worked in Massachusetts, the focal point of the plaintiff's employment relationship with the defendants remained in New York [where she had worked for 11 years]."). Accordingly, choice of law principles dictate that New York law governs. Because New York privacy law offers no protection for plaintiff's purported injury, see Sondik v. Kimmel, 941 N.Y.S.2d 541 (Sup. Ct. 2011) (limiting New York's invasion of privacy law to "nonconsensual commercial appropriations of the name, portrait or picture of a living person" (internal quotations and citations omitted)), defendant's motion to dismiss will be allowed.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss
(Docket No. 8) is **ALLOWED.**   Plaintiff's complaint is hereby
**DISMISSED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 15, 2021